■ MARK E. HOLLEY, Respondent, v TRANSOCEANIC CABLE COMPANY et al., Appellants. [702 NYS2d 242] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered September 23, 1998, which, to the extent appealed from, denied defendants' cross motion for summary judgment dismissing plaintiff's claim for withheld wages and resultant penalty wages, unanimously reversed, on the law and the facts, without costs, and the claim dismissed.

There is no dispute that the parties herein are bound by the terms of the 1996 "Standard Freightship Agreement between Seafarers International Union[,] Atlantic, Gulf, Lakes and Inland Water District, AFL-CIO[,] and Contracted Companies," which provides, in pertinent part, "[i]n American domestic ports, a seaman's pay shall start as of the day in which he reports for work aboard the vessel * * * [and] [w]ith respect to seamen joining a vessel in a foreign port, the seamen's pay and

benefit contributions shall start as of the day of the departure flight to join the vessel."

There is no evidence in the record to indicate that St. Thomas, United States Virgin Islands, the port in which plaintiff joined his ship, is a foreign rather than domestic port. Indeed, the United States Virgin Islands are classified as a United States territory (48 USC § 1541 [a]), fall within the definition of United States "Coastal District" (46 CFR 207.2), and commerce with the Islands is considered domestic rather than foreign (*Wood v Amerada Hess Corp., ITB Philadelphia*, 845 F Supp 130, 138, *affd* 37 F3d 87). In addition, under subtitle II of title 46 of the United States Code (Vessels and Seamen), the Virgin Islands are treated for all purposes as States (46 USC § 2101 [36]), and Federal shipping regulations define the United States as "the States of the United States * * * the Virgin Islands * * * and any other territory or possession of the United States" (46 CFR 67.3). Accordingly, plaintiff has failed to establish entitlement for wages allegedly earned on December 28, 1996, the day he departed New York and traveled to St. Thomas to join his ship, and, concomitantly, has failed to establish entitlement to penalty wages. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Lerner and Buckley, JJ.